IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No: 11-CV-2371-~~RPM-CBS~~ *CMA-MJW*

K-BEECH, INC.,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO SERVE THIRD
PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

*(Docket No 6)*

THIS CAUSE came before the Court upon Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**ORDER AND ADJUDGE:**

1. Plaintiff established that "good cause" exists for it to serve third party subpoena on the Defendant's Internet Service Provider (the "ISP"). See UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008); and Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned the subject IP address. Plaintiff shall attach to any such subpoena a copy of this Order.

EXHIBIT B            1

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to the Defendant.

4. The ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. The subpoenaed ISP ~~shall not require~~ *may change* Plaintiff ~~to pay~~ a fee in advance of providing the subpoenaed information. ~~nor shall the subpoenaed~~ *The subpoenaed* ISP ~~require~~ *may require* Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customer. If necessary, the Court shall resolve any disputes between the ISP and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** this 31ST day of October, 2011.

By: _____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

EXHIBIT B                                3