IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02371-CMA-MJW

K-BEECH, INC.,

Plaintiff,

v.

JOHN DOE, 76.25.185.206,

Defendant.

## ORDER REGARDING

## DEFENDANT JOHN DOE, 76.25.185.206'S MOTION TO RESTRICT DOCUMENTS

## (DOCKET NO. 17)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant John Doe, 76.25.185.206's Motion to Restrict Documents (docket no. 17). The court has reviewed the subject motion (docket no. 17) and the response (docket no. 21) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter;
2. That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Fed. R. Civ. P. 26(c) provides that for "good cause" shown the court may enter an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. It is the Defendant's burden to establish sufficient "good cause." Nestle Foods Corp. v. Aetna Cas. & Surety Co., 129 F.R.D. 483, 484 (D.N.J. 1990); United States v. Hooker Chems. & Plastics Corp., 90 F.R.D. 421, 425 (W.D.N.Y 1981);

5. That courts must be vigilant to ensure that its processes are not used improperly for purposes unrelated to their role. See American Family Mut. Ins. Co. v. Minor, 2007 WL 4365694, * 1 (D. Colo. Dec. 10, 2007). Last, the decision to issue a protective order rests within the sound discretion of the trial court. Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990);

6. That discovery in this case should be limited to this litigation only and for no other purpose;

7. That "good cause" has been shown by Defendant John Doe, 76.25.185.206, and in the court's discretion, a protective order should issue that restricts access to confidential information that Internet Service Provider is producing to Plaintiff in response to Plaintiff's subpoenas concerning Defendant John Doe, 76.25.185.206.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant John Doe, 76.25.185.206's Motion to Restrict Documents (docket no. 17) is **GRANTED**;

2. That if any party seeks to file with the court any confidential information that the Internet Service Provider produces to Plaintiff in response to Plaintiff's subpoenas concerning Defendant John Doe, 76.25.185.206, then such party shall first comply with D.C.COLO.LCivR 7.2 and shall indicate in such motion the level of restriction such party is requesting; and

6. That each party shall pay their own attorney fees and costs for this motion.

Done this 2nd day of February 2012.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE