IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02371-CMA-MJW

K-BEECH, INC.,

Plaintiff(s),

v.

JOHN DOE,

Defendant(s).

---

## ORDER ON
## DEFENDANT JOHN DOE'S MOTION TO QUASH OR MODIFY SUBPOENA
## AND
## RECOMMENDATION ON MOTION TO DISMISS
## (DOCKET NO. 16)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant John Doe's Motion to Quash or Modify Subpoena and Motion to Dismiss (docket no. 16). The court has reviewed the subject motion (docket no. 16) and the response (docket no. 25) thereto. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order and Recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That to make a prima facie case for copyright infringement, a plaintiff must prove (1) ownership of a valid copyright in a work, and (2) the copying of elements of the work that are original. See 17 U.S.C. § 102(a) and 106, Feist Pubs., Inc., v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991), Lewinson v. Henry Hold and Co., LLC, 659 F. Supp.2d 547, 559 (S.D.N.Y. 2009);

5. That although registration of copyright is voluntary, it is required in order to enforce copyright in federal court. See 17 U.S.C. § 411(a);

6. That in La Resolana Architects, P.A. v. Clay Realtors Angel Fire, 416 F.3d 1195 (10th Cir. 2005), abrogated on other grounds, Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237 (2010), the Tenth Circuit held that a copyright was not "registered," as required to bring infringement action, until Copyright Office actually approved or rejected application. Moreover, that a copyright "registration," is a prerequisite for bringing infringement suit, is separate from issuance of registration certificate, and the court's jurisdiction does not turn on existence of a paper certificate, but rather on fact of registration, however it is demonstrated. See 17 U.S.C. § 411(a). Further, the Tenth Circuit rejected the "Application Approach" to registration to confer jurisdiction in the federal district court. Instead

      the Tenth Circuit stated: "[I]n our view, the statute [17 U.S.C. § 411(a)] requires more: actual registration by the Register of Copyrights. Until that happens an infringement action will not lie in the federal court." See La Resolana Architects, PA, 416 F.3d at 1205;

7. That Plaintiff has demonstrated a valid registration for the subject copyright in question in this lawsuit and has meet the requirements to file a copyright infringement case consistent with 17 U.S.C. § 411(a) and La Resolana Architects, PA, *supra.* See Plaintiff's document captioned "Public Catalog" (Exhibit 25-2) attached to Plaintiff Response (docket no. 25) which shows Plaintiff's Registration Number is  PA001764337, and it was given such Registration Number on December 1, 2011, for the copyright in question in this case; and

8. That the mere denial of an infringement as stated in Defendant John Doe's subject motion (docket no. 16) is not a basis for quashing a subpoena since Plaintiff would never have the opportunity to access the information necessary to address the merits of the claims. See Voltage Pictures, LLC v. Does 1 to 5,000, 2011 WL 1807438 (D.D.C. May 12, 2011), and Interscope Records v. Does 1-8, 2006 WL 1351876, at *1 (D. Colo. Mar. 13, 2006).

**RECOMMENDATION AND ORDER**

4

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS AND RECOMMENDS** as follows:

1. The court **RECOMMENDS** that Defendant John Doe's Motion to Dismiss (docket no. 16) be **DENIED**;

2. The court **ORDERS** that Defendant John Doe's Motion to Quash (docket no. 16) is **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 9th day of February 2012.

                                                BY THE COURT

                                                s/Michael J. Watanabe
                                                MICHAEL J. WATANABE
                                                U.S. MAGISTRATE JUDGE