IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No. 11-cv-2371-CMA-MJW

K-BEECH, INC.,

    Plaintiff

v.

JOHN DOE,

    Defendant

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 9 2012

GREGORY C. LANGHAM
              CLERK

---

OBJECTION TO RECOMMENDATION (DOCKET NO.32) ON MOTION TO DISMISS
(DOCKET NO. 16)

---

The Defendant hereby objects to the Recommendation of the Court that Defendant John Doe's Motion to Dismiss (docket no. 16) be denied for the following reasons:

1. In said Recommendation, the court states, in Findings of Fact and Conclusions of Law No.6, "That in La Resolana Architects, P.A. v. Clay Realtors Angel Fire, 416 F.3d 1195 (10th Cir. 2005), abrogated on other grounds, Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237 (2010), the Tenth Circuit held that a copyright was not "registered," as required to bring infringement action, until Copyright Office actually approved or rejected

application. Moreover, that a copyright "registration," is a prerequisite for bringing infringement suit, is separate from issuance of registration certificate, and the court's jurisdiction does not turn on existence of a paper certificate, but rather on fact of registration, however it is demonstrated. See 17 U.S.C. § 411(a). Further, the Tenth Circuit rejected the "Application Approach" to registration to confer jurisdiction in the federal district court. Instead the Tenth Circuit stated: "[I]n our view, the statute [17 U.S.C. § 411(a)] requires more: actual registration by the Register of Copyrights. Until that happens an infringement action will not lie in the federal court." See La Resolana Architects, PA, 416 F.3d at 1205."

The Plaintiff filed the Complaint (Docket No. 1) on 09/08/2011, accompanied by a copy of the Copyright Registration Application (Docket No. 1 Exhibit A), which was submitted to the Copyright Office April 22, 2011. At this time, when the lawsuit was filed, the status of the copyright for the work in question was "Application pending," neither approved nor rejected. Only on 01/27/2012 did Plaintiff submit a copy of a valid registration certificate, number PA001764337, dated 12/01/2011, which was approved by the Copyright Office almost three months after the Complaint was filed. Plaintiff did not meet the prerequisite for bringing the infringement lawsuit at the time that the Complaint was filed; rather, Plaintiff had only submitted an application for copyright registration at that time, and had no actual registration certificate. Therefore, Plaintiff followed the "Application Approach," which is precisely the approach that the Tenth Circuit Court has rejected. It is made clear, from this Recommendation, that this Court intends to follow the precedent set by the Tenth Circuit Court, and to allow this case to continue on the basis of the "Application approach" would be to overturn the ruling by the Tenth Circuit Court

*page 4 of 7*

that: "[I]n our view, the statute [17 U.S.C. § 411(a)] requires more: actual registration by the Register of Copyrights. Until that happens an infringement action will not lie in the federal court." See La Resolana Architects, PA, 416 F.3d at 1205. This case, No. 11-cv-2371-CMA-MJW, should be dismissed because, at the time of filing, Plaintiff did not have actual registration by the Register of Copyrights, only a pending application which had neither been approved nor rejected by the Copyright Office.

2. Allowing this case to continue will further justify the unjustified request made by Plaintiff to the Court in the Complaint (Docket No. 1) to "Award Plaintiff either their actual damages and any additional profits made by Defendant pursuant to 17 U.S.C. § 504-(a)-(b); or statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504-(a) and (c)." Copyright Rule 412 clearly states:

> § 412. Registration as prerequisite to certain remedies for infringement
>
> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for —
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three

months after the first publication of the work.

(                            )

Since the date of Plaintiff's copyright registration certificate is 12/01/2011, and the date of first publication is 02/09/2011, by this Rule, § 412 (2), Plaintiff is not entitled to statutory damages or attorney's fees. According to the Plaintiff, the alleged infringement occurred on 04/23/2011, before the effective date of the registration (12/01/2011) of the work. The work was not registered within three months of the first publication of the work: first publication of the work was on 02/09/2011, and the date of registration is 12/01/2011, nearly 10 months later.

3. By entertaining the Plaintiff's Response to Motion to Quash and Dismiss (Docket No. 25) thus in the Recommendation (Docket No. 32), "The court has reviewed the subject motion (docket no. 16) and the response (docket no.25) thereto," the Court is approving of the action taken by Plaintiff's attorney, namely, the action of choosing to view and respond to a motion which was made available to him by a "clerical mistake" by the court. Due to what has been called a "clerical oversight" by Valerie Barnes, Courtroom Deputy for the Honorable Judge Christine M. Arguello of the United States Court for the District of Colorado, the Motion to Quash and Motion to Dismiss Subpoena (Docket #16) was not restricted, although it was accompanied by a Motion to Restrict Documents in the same envelope and met all the requirements for restricting such a motion. The Legal Assistant to the Honorable Judge Arguello, Megan, also called this publication of the Motion to Quash a "clerical mistake," and, when made aware of it, restricted the document immediately, which court computers will reflect.

The Plaintiff's attorney had filed a Response to the Motion to Restrict Documents (Docket #21), so he was aware that the Honorable Judge had not yet ruled on the Motion to Restrict Documents. Having knowledge of the law, he must also have been aware that a "clerical oversight" had been made when the Motion to Quash and Dismiss Subpoena was made public before a decision had been made on whether or not to restrict it. Yet, rather than make the court aware of the "clerical oversight," Plaintiff's attorney took the opportunity to access the now restricted document, examine and respond to it in detail. If a lawyer's objective is truth, fairness, and due process under the law, would he not alert the court to the mistake, rather than taking undue advantage of the situation? In reviewing Plaintiff's Response, perhaps by oversight, the actions of the Plaintiff's attorney have been rewarded by the Court.

For the above stated reasons, the Defendant hereby objects to the Recommendation of the Court that Defendant John Doe's Motion to Dismiss (Docket No. 16) be denied, and requests that the Motion to Dismiss (Docket No. 16) be granted.

Dated: 02/09/2012                                          Respectfully Submitted,

                                                           /s/ John Doe
                                                           John Doe
                                                           Pro se

page 7 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on 02/09/2012, I served a copy of the foregoing document, via US Mail, on:

KOTZKER LAW GROUP
10268 Royal Eagle Street
Highlands Ranch, CO 80129

Dated: 02/09/2012                    Respectfully Submitted,

                                     /s/ John Doe
                                     John Doe
                                     *Pro se*

page 1 of 7

Appendix D

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO
# FACSIMILE COVER SHEET

Pursuant to D.C.COLO.LCivR 5.1, this cover sheet must be submitted with any facsimile filing. A pleading or paper not requiring a filing fee and **no longer than ten pages**, including all attachments, may be filed with the clerk by means of facsimile during a business day. Facsimiles received by the clerk after 5:00 p.m. (Mountain Time) will be considered filed as of the next business day.

Clerk's Office facsimile telephone number: 303-335-2714

1. Date of transmission: 02/09/2012

2. Name of attorney or *pro se* party making the transmission: Brook Bhagat/John Doe
   Facsimile number: 719-302-2236   Telephone number: 719-302-2236

3. Case number, caption, and title of pleading or paper: 11-cv-2317-CMA-MJW K-BEECH, INC., Plaintiff v. John Doe, Defendant OBJECTION TO RECOMMENDATION (DOCKET NO. 32) ON MOTION TO DISMISS (DOCKET NO. 10)

4. Number of pages being transmitted, including the facsimile cover sheet: 7
Instructions, if any: _____

(Rev. (12/08))