**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02371-CMA-CBS

K-BEECH, INC., a California corporation,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

---

**ORDER AFFIRMING FEBRUARY 9, 2012
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on United State Magistrate Judge Michael J. Watanabe's February 9, 2012 Recommendation (Doc. # 32), in which he recommended that Defendant John Doe's Motion to Dismiss (Doc. # 16) be denied. Also on February 9, 2012, Defendant, proceeding *pro se*, filed timely objections to the Recommendation.[1] (Doc. # 34.) After conducting the required *de novo* review, the Court affirms the Recommendation of the Magistrate Judge.

### I. BACKGROUND

Plaintiff filed this copyright infringement action on September 8, 2011, alleging that Defendant unlawfully copied Plaintiff's copyrighted video entitled "Virgins 4" ("the

---

[1] When a magistrate judge issues a recommendation on a dispositive matter, a district court judge is required to "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Work"), using BitTorrent technology, in violation of the United States Copyright Act of 1976, 17 U.S.C. §§ 101-1332.  (Doc. # 1.)  In its Complaint, Plaintiff alleges that it submitted an application to register the Work with the Copyright Office on April 22, 2011.  (*Id.*, ¶ 10.)  Defendant's alleged infringing activity occurred the next day on April 23, 2011.  (*Id.*, ¶ 37.)  Therefore, at the time this action was brought, Plaintiff had applied for, but had not received, a certificate of registration for the Work.  Defendant filed a motion to dismiss on January 11, 2012, arguing that the case should be dismissed because Plaintiff did not possess actual registration of the Work at the time the lawsuit was filed.  (Doc. # 16.)  Plaintiff responded on January 27, 2012 (Doc. # 25), and Defendant did not reply.

## II. ANALYSIS

Under the Copyright Act, the owner of a valid copyright "is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it."  17 U.S.C. § 501(b).  Section 411 states, in relevant part, that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."[2]  17 U.S.C. § 411(a).  Although the Supreme Court recently held that failing to register a work does not deprive a court of subject-matter jurisdiction over a copyright infringement action, the Court also found that

---

[2]  Preregistration is not applicable here as it applies only to certain commercial works within categories that have a history of infringement prior to commercial release.  *See* 17 U.S.C. § 408(f).

2

§ 411(a) "establishes a condition–copyright registration–that plaintiffs ordinarily must satisfy before filing an infringement claim." *Reed Elsevier, Inc. v. Muchnick*, --- U.S. ---, 130 S.Ct. 1237, 1241 (2010); *see also Cosmetic Ideas, Inc. v. IAC/InteractiveCorp*, 606 F.3d 612, 615 (9th Cir. 2010) ("[P]ost-*Reed Elsevier*, registration is an element of an infringement claim, rather than a jurisdictional bar.").

Although the Copyright Act does not define what it means to "register" a copyrighted work, the Tenth Circuit has adopted the "registration approach," which holds that a copyright is registered at the time that the Copyright Office acts on an application for registration.[3] *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1202-04 (10th Cir. 2005), *abrogated on other grounds by Reed Elsevier*, 130 S.Ct. at 1247. In *La Resolana*, the Tenth Circuit rejected the proposition that a work is registered within the meaning of § 411(a) upon submission of a copyright application to the Copyright Office; rather, "the statute requires more: actual registration by the Register of Copyrights." *Id.* at 1205.

As noted, when Plaintiff filed its complaint, its application with the Copyright Office was still pending. Thus, under *La Resolana*, Plaintiff's allegation that it had

---

[3] The circuit courts are split on what it means to "register" a copyright work. *See Cosmetic Idea, Inc.*, 606 F.3d at 615 (collecting cases). The other approach, adopted by the Fifth, Seventh, and Ninth Circuits, is the "application approach," which holds that a copyright is registered at the time the copyright holder's application is received by the Copyright Office. *See Cosmetic Ideas*, 606 F.3d at 621; *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386-87 (5th Cir. 1984); *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003). Although this Court finds the policy reasons behind the application approach to be compelling, *see Cosmetic Ideas*, 606 F.3d at 619-621, the Court is nevertheless bound to follow *La Resolana's* registration approach.

submitted an application for copyright registration is insufficient to support a copyright infringement claim.  *See id.* at 416 ("Every remedy outlined in Title 17, including injunctions, is conditioned upon a copyright owner having registered the copyright.").

Although actual registration is a necessary element of a copyright infringement claim in this Circuit, the Court nevertheless agrees with the Magistrate Judge that dismissal of this action is unwarranted.  This is because the Copyright Office has now acted on Plaintiff's application and issued a certificate of registration in the Work. (*See* Doc. # 25-2.)  Once a certificate of registration has been issued, "the registration dates back to the date of application." *Cosmetic Ideas*, 606 F.3d at 616 (citing 17 U.S.C. § 410(d)).  Thus, the Work is considered to have been registered on April 22, 2011, the date that Plaintiff submitted its application to the Copyright Office, and one day before Defendant's allegedly infringing activity occurred.  Plaintiff, therefore, can now satisfy the registration requirement to bring its infringement claim, despite the application of the Tenth Circuit's registration approach.  *See id.* (finding that the plaintiff could satisfy the registration element of an infringement claim, "irrespective of whether registration accrues at application or issuance," when the Copyright Office approved the plaintiff's application during the pendency of the case); *see also La Resolana*, 416 F.3d at 1208 n.14 (citing cases standing for proposition that plaintiffs can cure defective complaints after receiving a certificate of registration); *KEMA, Inc. v. Koperwhats*, 658 F. Supp. 2d 1022, 1030 (finding that where plaintiff does not register copyright prior to filing complaint, the defect can be cured if plaintiff subsequently registers the copyright

and files an amended complaint that includes the allegation that the complaint is registered).  Taking judicial notice of the certificate of registration, the Court finds that Plaintiff has satisfied § 411(a)'s requirement that the Work be registered and, therefore, the Court will not dismiss the case.[4]

### III.  CONCLUSION

Based on the foregoing, the Court AFFIRMS the Magistrate Judge's Recommendation (Doc. # 32) and OVERRULES Defendant's Objections.  (Doc. # 34.)

Accordingly, it is ORDERED that Defendant's Motion to Dismiss (Doc. # 16) is DENIED.

DATED:  February   23  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] The Court has considered whether to require Plaintiff to file an amended complaint to include the allegation that the copyright is registered.  However, doing so would exalt form over substance and would be counter to the parties' interest in efficient and speedy justice.

5