Case 1:11-cv-02371-CMA-MJW Document 42 Filed 03/08/12 USDC Colorado Page 1 of 8
Mar 08 12 01:32a Third Eye Creations 719-302-2236 p.2

Page 1 of 7

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 8 2012

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No. 11-cv-2371-CMA-MJW

K-BEECH, INC.,

Plaintiff

v.

JOHN DOE,

Defendant

## MOTION FOR RECONSIDERATION OF DEFENDANT'S OBJECTION (DOCKET #32)

### INTRODUCTION

Defendant hereby respectfully requests that, in this case, Civil Action No. 11-cv-2371-CMA-MJW, the court reconsider Defendant's "Objection to Recommendation (Docket no. 32) on Motion to Dismiss (Docket no. 16)" (Docket #34) in light of the fact that the effective date of registration of the Work in question, according to the Copyright Office, is not April 22, 2011, but is December 1, 2011, as stated on the registration certificate.

## ARGUMENT

In the "Order" (Docket #35), Honorable Judge Arguello states that (underlining by Defendant):

> Although actual registration is a necessary element of a copyright infringement claim in this Circuit, the Court nevertheless agrees with the Magistrate Judge that dismissal of this action is unwarranted. This is because the Copyright Office has now acted on Plaintiff's application and issued a certificate of registration in the Work. (See Doc. # 25-2.) <u>Once a certificate of registration has been issued, "the registration dates back to the date of application." Cosmetic Ideas, 606 F.3d at 616 (citing 17 U.S.C. § 410(d)). Thus, the Work is considered to have been registered on April 22, 2011, the date that Plaintiff submitted its application to the Copyright Office, and one day before Defendant's allegedly infringing activity occurred.</u> Plaintiff, therefore, can now satisfy the registration requirement to bring its infringement claim, despite the application of the Tenth Circuit's registration approach. See id. (finding that the plaintiff could satisfy the registration element of an infringement claim, "irrespective of whether registration accrues at application or issuance," when the Copyright Office approved the plaintiff's application during the pendency of the case); see also La Resolana, 416 F.3d at 1208 n.14 (citing cases standing for proposition that plaintiffs can cure defective complaints after receiving a certificate of registration); KEMA, Inc. v. Koperwhats, 658 F. Supp. 2d 1022, 1030 (finding that where plaintiff does not register copyright prior to filing complaint, the defect can be cured if plaintiff subsequently registers the copyright and files an amended complaint that includes the allegation that the complaint is registered). <u>Taking judicial notice of the certificate of registration, the Court finds that Plaintiff has satisfied § 411(a)'s requirement that the Work be registered and, therefore, the Court will not dismiss the case.</u>

As underlined, the effective date of registration of a work "dates back to the date of application" if all the requirements for copyright have been met. When this is the case, the effective date printed on the certificate of copyright registration will be the date of application. However, if all the requirements have <u>not</u> been met at the time of application, the effective date printed on the

Mar 08 2012 1:33a Third Eye Creations 719-302-2236 p.4
Case 1:11-cv-02371-CMA-MJW Document 42 Filed 03/08/12 USDC Colorado Page 3 of 8

Page 3 of 7

copyright certificate will be the date that all the requirements were satisfied. Defendant contacted the Copyright Office by telephone, and the Copyright Office representative confirmed that "the effective date of registration of the work is the date printed on the copyright certificate as 'Registration Date'. There is no other date that can be considered the effective date of registration." When asked specifically why a work, whose application was initially submitted on April 22, 2011, was given a registration date of December 1, 2011, the representative replied, "If the application does not satisfy all the required elements to grant a copyright certificate, then the date that the applicant does provide the missing elements becomes the registration date, the effective date of registration, and that is what is printed on the certificate. The 'Registration Date' indicates the date that all the requirements for the copyright were met, and that is the effective date of registration." This information is stated explicitly at http://www.copyright.gov/fls/sl09.pdf (underlining by Defendant):

**When is my registration effective?**

When the Copyright Office issues a registration certificate, it assigns as the effective date of registration the date it received all the required elements—an application, a nonrefundable filing fee, and a nonreturnable deposit—in acceptable form, regardless of how long it took to process the application and mail the certificate. You do not have to receive your certificate before you publish or produce your work, nor do you need permission from the Copyright Office to place a copyright notice on your work. However, the Copyright Office must have acted on your application before you can file a suit for copyright infringement, and certain remedies, such as statutory damages and attorney's fees, are available only for acts of infringement that occurred after the effective date of registration. If a published work was infringed before the effective date of registration, those remedies may be available if the effective date of registration is no later than three months after the first publication of the work.

In this case, the effective date of registration of the Work in question is clearly printed on the registration certificate as December 1, 2011, and was not back-dated by the Copyright Office to the date of application, which was April 22, 2011. This indicates that only on December 1, 2011 were "all the required elements—an application, a nonrefundable filing fee, and a nonreturnable deposit—in acceptable form" received by the Copyright Office. The representative of the Copyright Office to whom Defendant spoke by telephone confirmed this fact.

Furthermore, because the effective date of registration of the work, December 1, 2011, is not within three months of the first publication, which was February 9, 2011, but rather more than nine months later, Plaintiff is not entitled to statutory damages or attorney's fees, pursuant to Rule § 412 (2).

Additionally, according to the Plaintiff, the alleged infringement occurred on April 23, 2011, more than seven months before the effective date of the registration of the work, and therefore Plaintiff is not entitled to statutory damages or attorney's fees, pursuant to Rule § 412 (2).

Rule 410, found at http://www.copyright.gov/title17/92chap4.html#410 , confirms that the effective date of registration of the work can be none other than the date printed on the copyright registration certificate issued by the Copyright Office (underlining by Defendant):

### § 410. Registration of claim and issuance of certificate

(a) When, after examination, the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited constitutes copyrightable subject matter and that

Mar 08 2012 3:44a Third Eye Creations 719-302-2236 p.6
Case 1:11-cv-02371-CMA-MJW Document 42 Filed 03/08/12 USDC Colorado Page 5 of 8

Page 5 of 7

> the other legal and formal requirements of this title have been met, the Register shall register the claim and issue to the applicant a certificate of registration under the seal of the Copyright Office. <u>The certificate shall contain the information given in the application, together with the number and effective date of the registration.</u>

Again, it is clear that the effective date of registration of the Work in question in this case is December 1, 2011, because that is the date printed on the registration certificate issued by the Copyright Office. The copyright registration certificate for the Work reads as follows: "Registration Number / Date: PA0001764337 / 2011-12-01."

Furthermore, if the Copyright Office received all the required elements for registration on December 1, 2011, then it issued the certificate sometime between that date and January 27, 2012 (when it was submitted to the court [Docket #25]), and back-dated the effective date of registration to the date that it received said required elements for registration, i.e., December 1, 2011.

## CONCLUSION

In conclusion, in light of the fact of the confirmed effective date of registration, in accordance with Rule 410(a) and Rule 412, Defendant humbly requests the court to reconsider Defendant's Objection (Docket #34), and dismiss the case because the court did not have subject matter jurisdiction when the lawsuit was filed (September 8, 2011), and because Plaintiff could not satisfy Rule 411(a)'s requirement that the work be registered before Plaintiff may file a *prima facie* copyright infringement lawsuit. Defendant also humbly requests that the court

declare that Plaintiff cannot file a lawsuit seeking statutory damages and attorney's fees, pursuant to Rule 412.

Dated: 03/08/2012                               Respectfully Submitted,


                                                */s/ John Doe*

                                                John Doe
                                                *Pro se*

Mar 08 2012 1:34a    Third Eye Creations                              719-302-2236              p.8
Case 1:11-cv-02371-CMA-MJW   Document 42   Filed 03/08/12   USDC Colorado   Page 7 of 8

Page 7 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on 03/08/2012, I served a copy of the foregoing document, via US Mail, on:

KOTZKER LAW GROUP
10268 Royal Eagle Street
Highlands Ranch, CO 80129

Dated: 03/08/2012                                Respectfully Submitted,


                                                 /s/ *John Doe*
                                                 John Doe
                                                 *Pro se*

**Appendix D**

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
### FACSIMILE COVER SHEET

Pursuant to D.C.COLO.LCivR 5.1, this cover sheet must be submitted with any facsimile filing. A pleading or paper not requiring a filing fee and **no longer than ten pages**, including all attachments, may be filed with the clerk by means of facsimile during a business day. Facsimiles received by the clerk after 5:00 p.m. (Mountain Time) will be considered filed as of the next business day.

Clerk's Office facsimile telephone number: 303-335-2714

1. Date of transmission: _03/08/2012_

2. Name of attorney or *pro se* party making the transmission: _John Doe_

   Facsimile number: _(719) 302-2236_ Telephone number: _(719) 302-2236_

3. Case number, caption, and title of pleading or paper: _Civil Action No. 11-cv-2371-CMA-MJW; K-Beech, Inc, Plaintiff v. John Doe, Defendant; Motion for Reconsideration of Defendant's Objection (Dkt 32)_

4. Number of pages being transmitted, including the facsimile cover sheet: _8_
   Instructions, if any: _____

(Rev. (12/08))