IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No. 11-cv-2371-CMA-MJW

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 27 2012

**GREGORY C. LANGHAM**
CLERK

K-BEECH, INC.,

    Plaintiff

v.

JOHN DOE,

    Defendant

---

### MEMORANDUM IN SUPPORT OF RECONSIDERATION MOTION (DOCKET #37)

---

#### INTRODUCTION

Defendant hereby respectfully submits the following memorandum in support of its concurrently filed Reconsideration Motion ("Amended..." Docket #37). Pursuant to Rule 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted, and because the work in question is not copyrightable.

#### ARGUMENT

It has been discovered that the work in question, "Virgins 4," is not an original work. Rather, the entire work is taken directly from "Virgins of the Screen 4" (hereafter the "original work"), authored by Combat Zone Corporation. The copyright for this work, registration number PA0001611218, was registered on 02-12-2008. "Virgins 4," the work in question, is a derivative work, but is not copyrightable. According to the Copyright Office, "A derivative work is a work based on or derived from one or more already existing works. Also known as a 'new version,' a

Case 1:11-cv-02371-CMA-MJW Document 45 Filed 03/27/12 USDC Colorado Page 2 of 10
Mar 27 12 04:55a   Third Eye Creations            719-302-2236            p.3

Page 2 of 8

derivative work is copyrightable if it includes what copyright law calls an 'original work of authorship.' Any work in which the editorial revisions, annotations, elaborations, or other modifications represent, as a whole, an original work of authorship is a derivative work or a new version" (http://www.copyright.gov/circs/circ14.pdf).

More specifically, the Copyright Office explains exactly what qualifies a derivative work for copyright (underlining by the Defendant):

> "A typical derivative work registered in the Copyright Office is a primarily new work but incorporates some previously published material. The previously published material makes the work a derivative work under copyright law. <u>To be copyrightable, a derivative work must differ sufficiently from the original to be regarded as a new work or must contain a substantial amount of new material. Making minor changes or additions of little substance to a preexisting work will not qualify a work as a new version for copyright purposes. The new material must be original and copyrightable in itself.</u> Titles, short phrases, and formatting are not copyrightable" (http://www.copyright.gov/circs/circ14.pdf).

The Court should note that, in order to verify the above facts about the work in question, the Defendant had no alternative but to not only purchase both "motion pictures," but to watch them. These videos, which certainly do not contribute to the progress of art or science, as asserted in Defendant's previous motion, are obscene, misogynistic and offensive not only to women but to all human beings. By being obligated to purchase this pornography for the purpose of legal defense, Defendant has been obligated to contribute economically to the objectification, hatred and oppression of women. If the Court should rule in favor of the Defendant, or dismiss this case, Defendant requests that the Court order the Plaintiff to reimburse Defendant for the hard-earned money spent on both works; it is enough that Defendant's time should be spent on such an ill-intentioned lawsuit.

Defendant watched and verified, minute by minute, that all of the work in question has been copied from the original work authored by Combat Zone Corporation. There is no new material in

Case 1:11-cv-02371-CMA-MJW Document 45 Filed 03/27/12 USDC Colorado Page 3 of 10
Mar 27 12 04:55a    Third Eye Creations        719-302-2236        p.4

Page 3 of 8

the work in question whatsoever. The work in question is an abridgement of the original work. The original work is about 2 hours 20 minutes long; the work in question is about 2 hours 6 minutes long. Each work contains 5 "scenes." These "scenes" are devoid of any plot, contain very little (and meaningless) dialogue, and are entirely unrelated to each other. In the work in question, these "scenes" are in a different order, and an average of 3 minutes total time has been cut from the beginning and end of each "scene." The verified timestamps, showing that all of the work in question has been copied from the original work, is attached to this Memorandum (Exhibit A).

The Copyright Office states that (underlining by the Defendant): "Compilations and abridgments may also be copyrightable if they contain new works of authorship. When the collecting of the preexisting material that makes up the compilation is a purely mechanical task with no element of editorial selection, or when only a few minor deletions constitute an abridgment, copyright protection for the compilation or abridgment as a new version is not available" (http://www.copyright.gov/circs/circ14.pdf). This is an exact description of what the Defendant's examination of the work in question has revealed. Changing the order of the "scenes" and cutting a few minutes from the edges of them are merely trivial, mechanical tasks, and do not constitute original, editorial decisions.

The central requirement of copyright protection for a work is that the work must have an element of originality. 17 U.S.C. § 102 (copyright protection extends to "original works of authorship"); *Imperial Homes Corp. v. Lamont*, 458 F.2d 895, 897 (5th Cir. 1972); *Donald v. Zack Meyer's T.V. Sales and Service*, 426 F.2d 1027, 1029 (5th Cir. 1970), cert. denied, 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 441 (1971). *Accord Kamar International, Inc. v. Russ Berrie & Co.*, 657 F.2d 1059, 1061 (9th Cir. 1981); *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 908-11 (2d Cir. 1980). See generally 1 M. Nimmer, Copyright § 2.01 (1981). Although the originality concept defies

Case 1:11-cv-02371-CMA-MJW Document 45 Filed 03/27/12 USDC Colorado Page 4 of 10
Mar 27 12 04:56a   Third Eye Creations                    719-302-2236            p.5

Page 4 of 8

exact definition, courts generally agree that "originality" for copyright purposes is something less than the novelty or uniqueness necessary for patent protection. *Durham Industries, supra*, 630 F.2d at 910; *Imperial Homes, supra*, 458 F.2d at 897; *Zack Meyer's, supra*, 426 F.2d at 1029; *Nimmer, supra*. The test of originality variously has been characterized as "modest," "minimal," and "a low threshold." *Durham Industries, supra*. Perhaps the most firmly entrenched definition of originality, however, is that first formulated by the Second Circuit and later adopted by the former Fifth (underlining by the Defendant): "All that is needed ... is that the 'author' contributed more than a 'merely trivial' variation, something recognizably 'his own.' Originality in this context 'means little more than a prohibition of actual copying.' No matter how poor artistically the 'author's' addition, it is enough if it be his own" *Alfred Bell & Co. v. Catalda Fine Arts, Inc.*, 191 F.2d 99, 103 (2d Cir. 1951). See *Zack Meyer's, supra*, 426 F.2d at 1030; *Tennessee Fabricating Co. v. Moultrie Manufacturing Co.*, 421 F.2d 279, 281-82 (5th Cir. 1970) (quoting language from Bell).

Furthermore, "The copyright in a derivative work covers only the additions, changes, or other new material appearing for the first time in the work. It does not extend to any preexisting material and does not imply a copyright in that material" (http://www.copyright.gov/circs/circ14.pdf). Plaintiff has failed to properly allege and plead legally cognizable claims under the Copyright Act.

Complaint does not properly allege (1) that the "Work" ("Virgins 4") is itself an original work of authorship, or (2) that there has been copying of constituent elements of the work that are original. On the contrary, the Complaint confusingly only states that Plaintiff "owns the Copyright to a Motion Picture" (Docket #1). It is unclear whether Plaintiff is actually claiming that Virgins 4 itself is an original work of authorship as required, or whether it is making an end run around the requirements of the Copyright law to actually prove that the work itself is an original work, and also importantly if there has been actual copying of constituent elements of the work that are original.

Case 1:11-cv-02371-CMA-MJW Document 45 Filed 03/27/12 USDC Colorado Page 5 of 10
Mar 27 12 04:56a    Third Eye Creations           719-302-2236           p.6

Page 5 of 8

The Complaint simply fails to identify the allegedly original elements of the work that are even being allegedly copied by the Defendant, and certainly provides no specific explanation of copying of constituent original elements of any kind by the Defendant. The Defendant has a right to know what Plaintiff believes to be the original elements of its movie that was allegedly copied. The subject complaint recites some elements of causes of action, but provides no supporting facts and must be dismissed as a matter of law. The law is well settled that a plaintiff must state facts sufficient to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). A claim has "facial plausibility" if the Plaintiff pleads facts that allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009). In this case, Plaintiff has conveniently omitted the fact the work in question is not original, and failed to address the fact that it is a derivative work, and pled accordingly.

"Although it is not necessary at the pleading stage to plead "evidentiary detail," facts must be alleged sufficiently to apprise the Defendant of the complaint against him, and a claim that is merely repetitive of the statutory language ... fails to state a cause of action" In re *Kubick*, 171 B.R. 658, 660 (B.A.P. 9th Cir. 1994). Without any mention of what the constituent original elements of the copyright might be, it is impossible to defend against the allegations.

Furthermore, the aforementioned investigation into the copyright of the work in question has uncovered a troubling discrepancy, which must be addressed by the Court. After viewing the copyright registration records of many derivative works and compilations, Defendant discovered a significant difference between them and the copyright record of the (unquestionably) derivative work in question: an entry entitled, "Basis of Claim." For example, for the compilation *Beatles Greatest Hits*,the record reads, "Basis of Claim: New Matter: Compilation of prev. reg. songs"

Case 1:11-cv-02371-CMA-MJW Document 45 Filed 03/27/12 USDC Colorado Page 6 of 10
Mar 27 12 04:57a   Third Eye Creations          719-302-2236         p.7

Page 6 of 8

(http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=5&ti=1,5&Search_Arg=beatles%20greatest%20hits&Search_Code=TALL&CNT=25&PID=h2sN-lj9WLVckLlXvjwhR9x3D&SEQ=20120327030949&SID=1).

For *Music #1 & A Movie "Footloose,"* there is an entry entitled, "Pre-existing Material: preexisting footage," as well as "Basis of Claim: all other cinematographic material" (http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search_Arg=footloose&Search_Code=TALL&CNT=25&PID=LY5f30oU3PING9TS5XoVMx2KC&SEQ=20120327040428&SID=1).

If Plaintiff has reported, in the Application for Copyright registration, that the work in question contains no new material, but rather nothing but pre-existing material, why is there no entry on the Plaintiff's copyright registration record stating either "Pre-existing Material" or "Basis of Claim"? Did the Plaintiff inform the Copyright Office of the nature of this unquestionably derivative work in question, as required by copyright law, on the copyright application?

In *Russ Berrie & Co., Inc. v. Jerry Elsner Co.*, 482 F.Supp. 980 (S.D.N.Y.1980), the Court found that the copyright holder had intentionally failed to inform the copyright office that his copyrighted stuffed gorilla was based on a pre-existing Japanese gorilla, and held that "the knowing failure to advise the copyright office of facts which might have occasioned a rejection of the application constitutes reason for holding the copyright invalid." Id. at 988. Similar situations occurred in *Vogue Ring Creations, Inc. v. Hardman*, 410 F.Supp. 609 (D.R.I.1976) (unexplained omission of pre-existing work coupled with other misleading conduct made copyright unenforceable); and *Ross Products, Inc. v. New York Merchandise Co.*, 242 F.Supp. 878 (S.D.N.Y.1965) (failure to indicate prior publication of work in Japan raised issue of whether

Case 1:11-cv-02371-CMA-MJW Document 45 Filed 03/27/12 USDC Colorado Page 7 of 10
Mar 27 12 04:57a    Third Eye Creations              719-302-2236              p.8

Page 7 of 8

omission was purposeful thus invalidating copyright).

Not only must a derivative work contain some element of more than trivial originality to qualify for a copyright, but a derivative work must be registered <u>as a derivative work</u> for that copyright to hold up in a Court of Law. In *Murray Hill Publications Inc. v. ABC Communications Inc.*, the Sixth Circuit Court of Appeals held that the trial court was without jurisdiction to determine whether the plaintiff's musical composition was infringed, because the author failed to obtain a copyright registration for the composition <u>as a derivative work.</u> There is no indication on the copyright record for the work in question that it was registered as a derivative work.

Furthermore, Defendant has found that the certificate of compliance on the work in question that Defendant purchased has Date of Release listed as January 21, 2011. This does not match the date of first publication listed on the web records of the registration of the work, and the copyright application proof submitted to the court, February 9, 2011.

## CONCLUSION

In conclusion, Defendant humbly requests that, pursuant to Rule 12(b)(6), and in light of the aforementioned facts, the Court dismiss the case and/or strike Plaintiff's copyright registration for the work in question.

Dated: 03/27/2012                                         Respectfully Submitted,

                                                          */s/ John Doe*
                                                          John Doe
                                                          *Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on 03/27/2012, I served a copy of the foregoing document, via US Mail, on:

KOTZKER LAW GROUP
10268 Royal Eagle Street
Highlands Ranch, CO 80129

Dated: 03/27/2012                    Respectfully Submitted,


                                     */s/ John Doe*
                                     John Doe
                                     *Pro se*

**EXHIBIT A**
**CASE NO- 11-cv-2371-CMA-MJW**

|  | Work In Question | Original Work |
|---|---|---|
|  | Virgins 4 | Virgins Of The Screen 4 |
| Scene 1 | 00:01:31 - 00:20:11 | 02:00:32 - 02:19:12 |
| Scene 2 | 00:20:15 - 00:46:37 | 00:05:32 - 00:31:54 |
| Scene 3 | 00:46:41 - 01:12:49 | 00:34:05 - 01:00:13 |
| Scene 4 | 01:12:52 - 01:36:45 | 01:33:22 - 01:57:15 |
| Scene 5 | 01:36:48 - 02:05:52 | 01:01:58 - 01:31:02 |

Appendix D

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
## FACSIMILE COVER SHEET

Pursuant to D.C.COLO.LCivR 5.1, this cover sheet must be submitted with any facsimile filing. A pleading or paper not requiring a filing fee and **no longer than ten pages**, including all attachments, may be filed with the clerk by means of facsimile during a business day. Facsimiles received by the clerk after 5:00 p.m. (Mountain Time) will be considered filed as of the next business day.

Clerk's Office facsimile telephone number: 303-335-2714

1. Date of transmission: _27 Mar 2012_

2. Name of attorney or *pro se* party making the transmission: _John Doe_

   Facsimile number: _(719) 302-2236_  Telephone number: _(719) 302-2236_

3. Case number, caption, and title of pleading or paper: _11-cv-2371-CMA-MJW; K-Beech, Inc., Plaintiff v. John Doe, Defendant; Memorandum in Support of Reconsideration Motion (Docket #37)_

4. Number of pages being transmitted, including the facsimile cover sheet: _10: -cover sheet_
   Instructions, if any: _-memorandum_
   _-Exhibit A_

(Rev. (12/08))